**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite #270
Sacramento, California 95825
Telephone: (916) 444-5678
Facsimile: (916) 444-3364

Attorney for Plaintiff,
Shannon Baker

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SHANNON BAKER,

      Plaintiff,

vs.

SACRAMENTO METROPOLITAN FIRE DISTRICT; and DOES 1 through 20, inclusive,

      Defendant.
_____/

**COMPLAINT FOR DAMAGES**

## I. JURISDICTION

1. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 et seq., 2000e et seq., and 42 U.S.C. sections 12112 et seq. for violations of Plaintiff's civil rights and rights protected by the Americans with Disabilities Act (ADA). Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.

## II. VENUE

2. Plaintiff's claims alleged herein arose in the County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

///

### III. INTRODUCTION

3. Plaintiff, Shannon Baker, files this action against her employer, Sacramento Metro Fire District (Sac Metro), for its blatant violation of her civil rights that has resulted in her damage. Specifically, on or about October 8, 2008, Sac Metro attempted to "forcibly retire" Baker, placed her on unpaid leave status, and kept her from working at Sac Metro for nearly two and a half (2.5) years. During that time, Baker was willing and able to work at Sac Metro. Baker alleges that the District did not allow her to work in violation of the ADA and her civil rights. Ultimately, after filing a complaint with the Equal Employment Opportunity Commission (EEOC), Sac Metro returned Baker to work with a reasonable accommodation on or about February 7, 2011. As a result of Sac Metro's actions, Baker lost wages, benefits and employment opportunities and Baker suffered emotional distress.

### IV. PARTIES

4. Plaintiff, Shannon Baker, is a 35-year-old female fire fighter. She has been employed by Defendant, Sacramento Metro Fire District, since 2000. She is a Step Five firefighter which is the highest level of firefighter within Sac Metro. In all acts alleged herein, Baker is a "qualified individual and/or employee" as defined by the Americans with Disabilities Act (42 U.S.C. section 12111) and Title VII (42 U.S.C. section 2000e et seq.).

5. Defendant, Sacramento Metro Fire District, is a subdivision of the State of California existing and created by virtue of the laws of the State of California. Defendant Sac Metro is an "employer" as defined by the Americans with Disabilities Act (42 U.S.C. section 12111) and Title VII (42 U.S.C. section 2000e et seq.).

6. The true names and identities of Defendants DOE 1 through DOE 20 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of Defendants DOE 1 through DOE 20 were employers within the meaning of the Americans with Disabilities Act and/or Title VII and were employers of Baker, and/or were agents or employees

of the Defendants named herein. It is alleged that Defendants DOE 1 through DOE 20 violated Baker's civil rights and/or unlawfully discriminated against her and/or failed to accommodate her disability and/or committed other wrongful acts, including retaliation resulting in injury to her. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants DOE 1 through DOE 20 have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the Defendants were the agents, employees, servants, joint venturers, partners and/or co-conspirators of the other Defendants named in this Complaint and that at all times, each of the Defendants were acting within the course and scope of said relationship with Defendants.

## V. **EXHAUSTION OF PRE-LAWSUIT PROCEDURES**

8. Baker filed a charge of discrimination with the Equal Employment Opportunity Commission on or about February 19, 2009, alleging gender discrimination and violation of her rights under the Americans with Disabilities Act.

9. The EEOC investigated the charge. On or about February 1, 2012, the EEOC issued a determination on the charge. In that determination, the EEOC found that Sac Metro engaged in "discriminatory acts." Specifically, the EEOC found that the evidence established that Sac Metro "denied [Baker] a reasonable accommodation and placed [her] on unpaid leaves status pending an involuntary retirement in violation of the ADA."

10. The aforementioned EEOC finding is admissible evidence in the Ninth Circuit.

11. The EEOC also issued Baker a right to sue letter with regard to her original charge on or about September 6, 2012.

12. On or about November 28, 2012, Baker filed another EEOC charge alleging retaliation against Sac Metro and immediately requested a right to sue letter (see allegations outlined in paragraph 29).

///

///

## VI. FACTS

13. Shannon Baker began working for Sac Metro as a firefighter in 2000.

14. Baker is married to a Sac Metro fire captain and she has two young children and three stepchildren.

15. In 2006, Baker developed a seizure/epilepsy disorder.

16. Baker had her first seizure on or about May 9, 2006. She returned to work on light duty the following week until she resumed her regular duties as a fire suppression/firefighter in August 2006.

17. Baker had a subsequent seizure on or about December 24, 2006. She was off work again for a short period. On or about May 22, 2008, she was cleared to return to work by her neurologist without restriction and she sent a letter to Sac Metro requesting to return. Even though she was cleared to work and had no restrictions, she was returned by Sac Metro to light duty, seemingly because of her disability.

18. On or about July 24, 2008, while on light duty, Baker injured her shoulder lifting some bleachers.

19. On or about October 8, 2008, Baker was called into a meeting at Sac Metro. She had only learned about the meeting that morning when her union representative told her they were going to meet to discuss a plan for getting Baker back to work as a line firefighter. Instead of there being a discussion about her getting back to work and resuming her normal duties, then Deputy Chief Miller walked into the meeting and informed everyone that "we're retiring" Baker as of November 1, 2008, on a non-industrial disability.

20. At the time, Baker did not want to retire, nor had she given any indication that she wanted to retire. Additionally, Baker was able to return to work.

21. During that meeting and subsequent to that meeting, it was suggested by Sac Metro that if Baker went along with this plan to "retire her," Sac Metro might find a non-firefighter position for her, but that if she did not agree, she might be terminated for cause in connection with some disciplinary matter, the details of which Baker remains unaware.

22. Sac Metro then put Baker off work, without pay, as they tried to forcibly retire Baker. Baker was not afforded any pre or post-deprivation hearings prior to Sac Metro taking this action, nor afforded any other process to oppose this action. Again, at this time, Baker was able to return to work.

23. During the period that she was off work, Baker made frequent requests and inquiries about the possibilities of her returning to work at Sac Metro. Sac Metro denied her requests.

24. As noted above, Baker then filed a charge with the EEOC on or about February 19, 2009, and an investigation ensued.

25. Finally, after the EEOC charge and change in Sac Metro's administration, Baker was allowed to return to work on or about February 7, 2011.

26. However, Baker was given a condition upon return by Sac Metro that she could not resume firefighting duties until she went 5 years without a seizure. This condition is based on an erroneous reading of the National Fire Protection Association standards. Under those standards, based upon her current neurological assessment, Baker should not be given any additional condition.

27. In addition to the above disability discrimination, it is believed that there have been at least six (6) male firefighters who have developed and or been diagnosed with seizure disorders at Sac Metro Fire, and none of them have been "involuntarily retired."

28. On February 1, 2012, the EEOC issued a formal determination which found that Sac Metro Fire "denied Charging Party *(plaintiff Shannon Baker)* a reasonable accommodation and placed the Charging Party in unpaid leave status pending involuntary retirement, in violation of the ADA."

29. Within a week after receiving a right to sue letter from the EEOC on September 6, 2012, Baker was and has been subjected to an unceasing stream of petty write-ups and admonishments which are wholly inconsistent with her work history and the way these "transgressions" are viewed as to every other employee. For example she was written up for talking too much and removing a loose thread off of a female co-worker's shoulder. Clearly, this is

retaliation against Baker for invoking her civil rights and thus Baker has now filed a second charge with the EEOC.

30. As a result of Sac Metro's action, Baker lost wages and benefits, employment opportunities (including lost overtime opportunities) and Baker suffered emotional distress. Baker also continues to work under improper conditions as noted above.

## VII.  CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
DISABILITY DISCRIMINATION
(Americans with Disabilities Act, 42 U.S.C. section 12111 et seq.)

31. Baker re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

32. The acts/and or omissions of Defendants alleged herein, including but not limited to discriminating against Baker in the terms, conditions or privileges of employment, trying to forcibly retire Baker, failing to accommodate Baker, keeping Baker from working for nearly 2.5 years, and by placing improper conditions on her employment were done because Baker has a disability in violation of Baker's rights under the Americans with Disabilities Act. Moreover, Defendants had no non-discriminatory reason for taking said acts and/or omissions.

33. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

SECOND CLAIM FOR RELIEF
DISABILITY DISCRIMINATION - FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
(Americans with Disabilities Act, 42 U.S.C. section 12111 et seq.)

34. Baker re-alleges and incorporates by reference paragraphs 1 through 33, as though fully set forth herein.

35. The acts/and or omissions of Defendants alleged herein, including but not limited to discriminating against Baker in the terms, conditions or privileges of employment, trying to forcibly retire Baker, failing to accommodate Baker, keeping Baker from working for nearly

2.5 years, and by placing improper conditions on her employment were done because Baker has a disability in violation of Baker's rights under the Americans with Disabilities Act (ADA), and violated Baker's right to a reasonable accommodation under the ADA. Moreover, Defendants had no basis or justification to not accommodate Baker and return her to work.

36. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

### THIRD CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION - FAILURE TO ENGAGE IN INTERACTIVE PROCESS
(Americans with Disabilities Act, 42 U.S.C. section 12111 et seq.)

37. Baker re-alleges and incorporates by reference paragraphs 1 through 36, as though fully set forth herein.

38. The acts/and or omissions of Defendants alleged herein, including but not limited to discriminating against Baker in the terms, conditions or privileges of employment, trying to forcibly retire Baker, failing to accommodate Baker, keeping Baker from working for nearly 2.5 years, and by placing improper conditions on her employment were a result of Defendant's failure to engage in the interactive process as mandated by the Americans with Disabilities Act.

39. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

### FOURTH CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION - RETALIATION
(Americans with Disabilities Act, 42 U.S.C. section 12203 et seq.)

40. Baker re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The acts/and or omissions of Defendants alleged herein, including but not limited to discriminating against Baker in the terms, conditions or privileges of employment and

harassing and improperly disciplining Baker since she requested and obtained a right to sue letter violates the Americans with Disabilities Act's prohibition against retaliation.

42. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

## FIFTH CLAIM FOR RELIEF
## GENDER DISCRIMINATION
(Title VII, 42 U.S.C. section 2000e et seq.)

43. Baker re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. The acts/and or omissions of Defendants alleged herein, including but not limited to discriminating against Baker in the terms, conditions or privileges of employment, trying to forcibly retire Baker, failing to accommodate Baker, keeping Baker from working for nearly 2.5 years, and by placing improper conditions on her employment were done because Baker is a female and, thus, in addition to her being discriminated against by failing to accommodate as required by the ADA, she has also been subjected to a form of gender discrimination in violation of Title VII.

45. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS
(42 U.S.C. section 1983 et seq.)

46. Baker re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47. The acts/and or omissions of Defendants alleged herein, including but not limited to keeping Baker from work for nearly 2.5 years without any process or pre and/or post-

deprivation hearings violates Baker's federal and state constitutions due process rights, as Baker is a public employee with a property interest in her continued employment.

48. As a direct and proximate result of said acts and/or omissions by Defendants, Baker lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2. For costs and attorney fees as authorized by statute or law including but not limited to 42 U.S.C. section 2000e-5(k) (Title VII), 42 U.S.C. section 1988, and 42 U.S.C. section 12205;

3. For back-pay and lost benefits;

4. For other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: December 4, 2012                                   Respectfully submitted,

/s/ Stewart Katz
STEWART KATZ,
Attorney for Plaintiff

Shannon Baker v. Sacramento Metropolitan Fire District-Complaint                                      9