IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANNON BAKER, | ) | |
| | ) | 2:12-cv-02925-GEB-GGH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER TO SHOW CAUSE AND |
| | ) | CONTINUING STATUS (PRETRIAL |
| SACRAMENTO METROPOLITAN FIRE | ) | SCHEDULING) CONFERENCE |
| DISTRICT, and DOES 1 through 20, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      The March 1, 2013, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on March 18, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The March 1, 2013 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

      Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than March 15, 2013, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 13, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  March 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).